MARY B. MELCHERS, Plaintiff, *v.* ALESSANDRO BERTOLIDO and Others, Defendants.

Supreme Court, Queens Special Term for Trials, March, 1922.

Partition — husband and wife — tenants by the entirety — foreign decree of divorce obtained by husband — parties thereupon become tenants in common — grantees to whom husband conveyed property by warranty deed after his wife's death cannot question validity of divorce decree and obtain only an undivided one-half interest in the property.

Where husband and wife owning real estate as tenants by the entirety are divorced they hold the property as tenants in common.

In an action for partition it appeared that the husband, who had obtained a foreign decree of divorce, after his wife's death conveyed the premises by a full covenant and warranty deed and that his grantees conveyed different interests therein to the answering defendants whose contention was that the divorce was invalid. *Held*, that as the husband if living could not have questioned the jurisdiction of the court to grant the divorce, neither his grantees nor the answering defendants could question its validity and the grantees of the husband obtained only an undivided one-half interest in the property.

ACTION for partition of real estate.

*Louis O. Condit*, for plaintiff.

*Arthur P. Hilton*, for defendants.

CROPSEY, J. Whether the plaintiff has an interest in the property in question and hence can maintain partition, depends upon whether a certain judgment of divorce obtained in California is valid, or whether its invalidity can be asserted by the defendants. In 1905 George Lenz and Pauline Lenz were husband and wife. At that time a deed of the premises was made to them, and they became seized of the property as tenants by the entirety. In 1918

George Lenz obtained a final judgment of divorce from his wife Pauline in the Superior Court of the state of California. In July, 1919, Pauline Lenz died. Under her will, whatever rights if any she had in the premises in question passed to the plaintiff and two of the defendants.

After the death of Pauline Lenz, and in September, 1919, George Lenz conveyed the premises, and his grantee conveyed different interests in them to the answering defendants, who oppose this action.

The plaintiff claims that upon the granting of the divorce to George Lenz, he and his wife Pauline became tenants in common of the property, each having an undivided one-half interest. This is the result where parties who have held as tenants by the entirety become divorced. *Stelz* v. *Shreck*, 128 N. Y. 263. Plaintiff being one of the devisees under the will of Pauline Lenz claims an interest in the undivided half, of which she asserts the latter died seized.

The answering defendants do not challenge the legal proposition that where husband and wife who have held property as tenants by the entirety become divorced they thereupon hold as tenants in common. But they contend that the divorce was invalid. They say the court in California never had jurisdiction of Pauline Lenz, that she never was a resident of that state, was not served with process therein, and did not appear in the action; also, that there is no proper proof of service of the process upon her.

The plaintiff replies that the answering defendants have no right to challenge the validity of the divorce, and furthermore that it was and is valid.

George Lenz invoked the jurisdiction of the California court, and having in the suit brought by him obtained a judgment divorcing his wife he could not thereafter question the court's jurisdiction. *Matter of Swales*, 60 App. Div. 599; affd., 172 N. Y. 651; *Starbuck* v. *Starbuck*, 173 id. 503; *Guggenheim* v. *Wahl*, 203 id. 390, 397. And Lenz could not confer upon his grantees, or their successors, a right which he did not possess. The answering defendants are, therefore, in the same position that Lenz would have occupied had he been living and had he sought to attack the judgment. *Matter of Morrisson*, 52 Hun, 102; affd., 117 N. Y. 638. Therefore, they have no right to question the validity of the judgment of divorce.

But if the question were open for consideration, the record does not establish the invalidity of the judgment. The testimony taken in the action in California shows that George Lenz went there in the year 1912. The final judgment of divorce was obtained in June, 1918. Pauline Lenz was in California, staying

with her husband during a small portion of the time that the latter resided there. There is nothing to challenge the claim of George Lenz made in that action that California was his domicile. And being his domicile it was also the domicile of his wife Pauline, because there is no proof that he had abandoned her. See *Atherton* v. *Atherton*, 181 U. S. 155; *Haddock* v. *Haddock*, 201 id. 562.

An order of publication was made by the California court, and there is no proof of the publication attached to the judgment roll, and that order also directs the mailing of a copy of the summons and complaint to the defendant in that action, and there likewise is no proof of such mailing. There is, however, attached to the judgment roll a certificate of the service of the summons and complaint by the sheriff of Queens county, N. Y. The answering defendants contend that such service was wholly ineffective as it was unauthorized by the order of the court, and that it is defective in not stating that the sheriff knew the person served to be the defendant. But no evidence was offered of the statutes of California relating to the service of process upon a non-resident defendant in a matrimonial action. And this court cannot take judicial notice of those statutes. It may well be that under the California laws, where an order has been made for the service of a summons by publication, it is not necessary to provide in the alternative for personal service without the state. It would seem to be unnecessary in this state. Civil Practice Act, § 233. Nor have the defendants shown that it was necessary under the California law for the certificate of the sheriff making service to state that he knew the party served to be the defendant. There may be no such requirement under the statutes or rules of California. The certificate in question does state that the summons and complaint were served personally upon the defendant in that action, and the California court deemed the proof of service sufficient, for the interlocutory decree recites that the summons was duly and regularly served. There is, therefore, a presumption that the service was made in conformity to the laws of that state.

There is no force in the contention that Lenz " did not consider the divorce binding upon him," because shortly after the death of his wife he conveyed the premises by full covenant and warranty deed. His wife having died, he may have thought that he thereupon became the sole owner of the premises, and may not have known that by virtue of the divorce that right of survivorship had terminated. But whether he knew it or not was immaterial. Nothing that he did after procuring the divorce could in any way affect the rights of the plaintiff. Nor is there any merit in the contention that there was nothing in the records in this state to advise any

person examining the title to the property that the divorce had been granted.   There is no statutory requirement that notice of such a fact shall be filed here, and the answering defendants, while they may have bought the property without notice of the divorce, are not protected by any statutes and they obtained only such title as George Lenz had to convey.   That was only an undivided one-half interest.

Judgment for the plaintiff, with costs.   Findings may be settled upon notice.

Judgment accordingly.