EUGENE H. VERNON, Respondent, v. CAROLYN T. VERNON (BOOTH), Appellant.

Third Department, July 2, 1941.

*Hunt, Hill & Betts* [*William Logan, Jr.,* and *Helen F. Tuohy* of counsel], for the appellant.

*Thomas F. Croake,* for the respondent.

FOSTER, J. This is an appeal from an interlocutory judgment of divorce in favor of the plaintiff. The decisive issue is whether a prior decree of divorce in favor of the defendant, procured and entered in the State of Nevada, is valid and binding against the plaintiff in the State of New York.

The parties were married in the Philippine Islands on the 26th day of October, 1928. A child of this marriage was born February 4, 1933. The last domicile of the parties in this State was at Plattsburg, N. Y., and plaintiff was a resident of that city when the present action was commenced. The parties separated August 27, 1933, and thereafter the defendant went to the State of Nevada.

There she commenced an action against plaintiff for a divorce in the Second Judicial District Court. Process was served upon him personally in this State, but he did not appear in that action prior to the entry of the first decree therein, which was on January 10, 1934. In and by that decree the defendant was granted an absolute divorce, the custody of the child was awarded to her, and plaintiff was directed to pay the sum of thirty-five dollars a month for the support of the child.

Subsequently, and after an agreement had been made by the parties concerning the custody of their child, plaintiff appeared in the Nevada action and filed a petition asking for a modification of the decree. The decree was thereupon modified by the elimination of the provisions contained in the original decree pertaining to the custody of the infant and for the payment of alimony, the court merely reserving jurisdiction to make future orders concerning these matters, and as so modified was entered on May 22, 1934. Thereafter the defendant remarried. The present action was commenced June 2, 1936.

Under principles so well known as to require no elaboration the original Nevada decree was not valid in this State. (*Haddock* v. *Haddock*, 201 U. S. 562; *Fischer* v. *Fischer*, 254 N. Y. 463; *Lefferts* v. *Lefferts*, 263 id. 131.) However, the plaintiff thereafter appeared and secured a modification of that decree, and the principles enunciated in the cases cited do not extend to such a situation. The nearest approach in this State is the case of *Lynde* v. *Lynde* (162 N. Y. 405). There a foreign decree of divorce was obtained in the State of New Jersey, without appearance on the part of the defendant, who was a resident of the State of New York and had been served with process there. Subsequently he appeared and contested an application to have a provision for the payment of alimony inserted in the decree. It was held that the courts of this State would recognize the final decree, in so far as the liability for accrued alimony was concerned, as binding upon him in this State. It is not clearly indicated by the opinion whether the invalidity of the original decree was completely cured by the subsequent appearance, although there is dicta to that effect. We think, however, that it would be a strange anomaly to hold the final results in an action of this character to be partially valid and partially invalid.

Such reasoning may be applied to this case. Plaintiff was instrumental in the shaping of the final Nevada decree. He submitted himself to the jurisdiction of the court in that State for the purpose of obtaining relief, and the result of such appearance in accordance with the laws of that State is a final decree

which is binding against him and should be given full faith and credit in the courts of this State. Although a charge of duress was made against the defendant, no finding to that effect was made, nor do we find sufficient evidence to support it.

These views lead us to the conclusion that the charge of adultery made against the defendant by reason of her second marriage is unfounded. The judgment appealed from should be reversed and the complaint dismissed.

HILL, P. J., CRAPSER, BLISS and HEFFERNAN, JJ., concur.

Judgment reversed on the law and facts and complaint dismissed, with costs in all courts.

The 4th, 5th, 6th, 7th, 8th, 9th, 10th and 11th findings of fact are reversed, and all conclusions of law disapproved.