In the Matter of the Application of SONIA JORDI, Respondent, for Letters of Administration on the Estate of HOMER D. LINDGREN, Deceased.

GLADYS McD. LINDGREN, Appellant.

Argued April 11, 1944; decided May 25, 1944.

*Nathaniel S. Corwin, Douglas E. Mathewson* and *Douglas* *Mathewson* for appellant. I. A party who invokes the jurisdiction of a foreign court to obtain a decree of divorce in his favor may not thereafter challenge the validity of the court's decree. (*Krause* v. *Krause,* 282 N. Y. 355; *Guggenheim* v. *Wahl,* 203 N. Y. 390; *Matter of Swales,* 60 App. Div. 599, 172 N. Y. 651; *Matter of Bingham,* 265 App. Div. 463; *Glaser* v. *Glaser,* 276 N. Y. 296.) II. The infant daughter, here represented by her guardian, the respondent, is in privity of estate with the decedent and rests under the same disability to challenge the validity of the appellant's marriage to the decedent, or to challenge the validity of the Florida decree of divorce. (*Starbuck* v. *Starbuck,* 173 N. Y. 503; *Matter of Morrison,* 52 Hun 102, 117 N. Y. 638.) III. The Florida divorce decree is not subject to a collateral attack. (*Hynes* v. *Title Guarantee & Trust Co.,* 249 App. Div. 732, 273 N. Y. 612.) IV. It is anomalous to hold that the Florida divorce proceedings were invalid as to the decedent who was the plaintiff therein but valid as to his wife, the defendant therein. (*Vernon* v. *Vernon,* 262 App. Div. 431, 288 N. Y. 503.) V. The decedent's second marriage. to Gladys

McD. Lindgren is presumed to be valid. (*Matter of Dugro*, 261 App. Div. 236, 287 N. Y. 595; *Matter of Meehan*, 150 App. Div. 681; *Matter of Tuttle*, 234 App. Div. 1; *Matter of Fingerlin*, 167 Misc. 770.)

*Eugene T. McQuade* for respondent. I. The 1939 Florida decree was void for lack of jurisdiction. (*Bell* v. *Bell*, 181 U. S. 175; *Lefferts* v. *Lefferts*, 263 N. Y. 131; *Matter of Bingham*, 265 App. Div. 463.) II. The 1939 decree being void, it is subject to collateral attack. III. Appellant's claimed marriage to decedent was void. (*Stein* v. *Dunne*, 119 App. Div. 1, 190 N. Y. 524.) IV. Appellant's void marriage creates no rights in her. (*Matter of Moncrief*, 235 N. Y. 390.) V. No rule of law prevents the child or her guardian from asserting the invalidity of the 1939 Florida decree. (*Olmsted* v. *Olmsted*, 190 N. Y. 458; *Bell* v. *Little*, 204 App. Div. 235, 237 N. Y. 519; *German Savings Society* v. *Dormitzer*, 192 U. S. 125.) VI. There is no presumption that supports the validity of appellant's marriage. (*Matter of Richmond*, 178 Misc. 1018.) VII. Retroactive effect cannot be given to the 1941 Florida decree insofar as jurisdictional defects are concerned. The 1941 amendment to the void 1939 Florida divorce decree did not retroactively validate it. (*Hindermann* v. *Hindermann*, 245 App. Div. 246; *Matter of Kimball*, 155 N. Y. 62.) VIII. In *Vernon* v. *Vernon* (262 App. Div. 431, affd. 288 N. Y. 503); cited by appellant, the second marriage which was held valid was contracted *after* the wife had validated the originally void divorce by subsequent appearance therein. IX. It would be a denial of due process of law to hold the child or her guardian bound by the Florida decrees. (*Hansberry* v. *Lee*, 311 U. S. 32.) X. The Florida decrees against the first wife do not bind her in her capacity as guardian of the property of the decedent's child. (*B. L. T. & S. D. Co.* v. *K. T. & M. M. A. Assn.*, 126 N. Y. 450; *Hellstern* v. *Hellstern*, 279 N. Y. 327; *First National Bank* v. *Shuler*, 153 N. Y. 163.) XI. The first wife as such is estopped from attacking the Florida decrees in this proceeding. (*Matter of Bingham*, 265 App. Div. 463; *Matter of Rhinelander*, 290 N. Y. 31; *Kelsey* v. *Kelsey*, 204 App. Div. 116, 237 N. Y. 520.)

LEWIS, J. The petitioner-respondent, Sonia Jordi — to whom it will be convenient to refer as the petitioner — is the mother

and guardian of Gloria Lindgren, an infant, in whose behalf she seeks letters of administration upon the estate of Homer D. Lindgren, deceased. Although the petitioner was formerly the wife of the decedent, she does not ask to administer his estate because of that fact but because she is the guardian of the only child of that marriage who claims to be the sole distributee of the decedent's estate. ·(Surrogate's Ct. Act, § 118.) The issues to be determined upon this appeal were tendered by the allegations in an answer and cross-petition served by the appellant, Gladys McD. Lindgren, who claims to be the decedent's widow and as such asserts a prior right under section 118 of the Surrogate's Court Act to letters of administration upon his estate.

Additional facts will define our problem. The decedent and the petitioner were married in New York State in 1925 where both were domiciled. He was then a member of the faculty of a university in the city of New York where he served from 1925 until his death in 1942. After the birth in 1926 of the daughter, Gloria Lindgren, the decedent and his wife lived apart under a formal separation agreement. On October 3, 1939, in an action instituted in the Circuit Court of Florida the decedent was granted a decree of absolute divorce from the petitioner upon grounds not recognized in this State. Two days later, on October 5, 1939, at Elkton, Maryland, he entered into a ceremonial marriage with the present appellant, Gladys McDermaid Lindgren. The marriage license issued prior to that ceremony recites that the decedent resided in the State of New York. In fact, promptly after that alleged marriage he returned to New York State where he resided until his death.

In the divorce action instituted by the decedent in Florida in 1939 service of process upon the petitioner had been made by publication. Although she did not then appear in the action, two years later — on September 30, 1941 — she applied to the Circuit Court of Florida for an order so amending the decree of divorce granted to the decedent in 1939 as to recite her appearance in the action, upon the ground that through inadvertence and mistake of counsel her appearance originally in the action had not been noted. Thereupon she procured an order which purported to amend *nunc pro tunc* the divorce

decree of 1939 to include a recital of her appearance in the action and her consent to the entry of the final decree. Two months later, and prior to the death of the decedent, the petitioner married Paul Jordi.

If the decedent was survived by a wife, she would have the first right to administer his estate; if he left no wife surviving the right to administration would be in his only child in whose behalf this proceeding is instituted. (Surr. Ct. Act, § 118.) The question whether the present appellant became the decedent's wife by the marriage of October 5, 1939, depends upon the validity of the Florida divorce granted to the decedent on October 3, 1939. The determination of that question depends in turn upon whether, under the facts of this case, the courts of this jurisdiction are required to give full faith and credit to the Florida decree.

Before reaching those questions, however, we consider the appellant's challenge to the right, which the petitioner asserts in behalf of the only child of the decedent's first marriage to attack the validity of the decree of the Florida court by which the child's parents are alleged to have been divorced. It is said that when both parents of the child appeared in the Florida court in the manner disclosed by the present record neither of those two parties could thereafter challenge the validity of the foreign court's decree. (See *Vernon* v. *Vernon,* 288 N. Y. 503; *Krause* v. *Krause,* 282 N. Y. 355, 357; Restatement of the Law of Judgments § 19; Restatement of the Law of Conflict of Laws § 112.) With such parental disability as a basis for her argument the appellant asserts that the child is in privity of estate with the decedent and thus is burdened with the same disability to challenge the validity of the Florida decree of divorce.

We think that under facts disclosed by this record the law does not visit upon the child the disability thus imposed upon the parents. The rights which are asserted in this proceeding are not property rights to which either parent has claimed to be entitled. There is no claim that the estate will derive special benefit or suffer special disadvantage in the appointment of either of the two present claimants to letters of administration. It may well be that the decedent or his personal representative acting in his behalf could not question the Florida decree.

(*Hynes* v. *Title Guarantee & Trust Co.*, 273 N. Y. 612.) In this proceeding, however, it is neither a right of the decedent nor of his estate which is the subject of inquiry. The petitioner attacks the validity of the Florida decree in behalf of the decedent's daughter — not in behalf of the decedent or of his estate or of the petitioner herself. By applying appropriate legal principles to the facts of record a choice must be made between the right, under section 118 of the Surrogate's Court Act, of the petitioner, as guardian of the decedent's only child, to administer his estate and the right, under the same statute, of the appellant who claims to be his widow. In each instance we are dealing with matters personal to the claimant; not to the decedent or his estate. As to the child they are independent rights to which she claims to be legally entitled as the sole distributee of her father's estate. Of course the child was not a party to the Florida divorce action and accordingly the judgment then entered was not conclusive upon her or upon the rights now asserted in her behalf. In these circumstances we think that as a third party she may challenge the validity of the Florida decree of 1939. (See *Olmsted* v. *Olmsted,* 190 N. Y. 458, 466, 467, affd. 216 U. S. 386; *Andrews* v. *Andrews,* 188 U. S. 14, 39; *German Savings Society* v. *Dormitzer,* 192 U. S. 125, 128; *Milliken* v. *Meyer,* 311 U. S. 457, 462; *Lefferts* v. *Lefferts,* 263 N. Y. 131, 134; *Matter of Holmes,* 291 N. Y. 261, 272, 273.)

The statute law of Florida requires that " In order to obtain a divorce the complainant must have resided ninety days in the State of Florida before the filing of the bill of complaint." (F. S. A. § 65.02.) That requirement as to residence has been construed by the Florida courts to mean domicile as distinguished from a mere residence in the State. (*Bowmall* v. *Bowmall,* 174 So. [Fla.] 14, 17; *Taylor* v. *Taylor,* 182 So. [*Fla.*] 238, 240; *Phillips* v. *Phillips,* 1 So. 2d [Fla.] 186, 190, 191.) In the present case the Surrogate has found that by facts in evidence before him it was established that prior to instituting the divorce action in 1939 the decedent did not reside in Florida for the statutory period of ninety days; that his alleged residence in Florida was " sham and fraud," his presence in that State being " for the sole purpose of taking advan-

tage of its divorce laws "; that such evidence served conclusively to demonstrate " that decedent did not acquire a *bona fide* residence in Florida ". There being substantial evidence to support those findings and as the Surrogate's decree based thereupon has met with affirmance at the Appellate Division our inquiry must proceed upon the factual basis that the decedent did not acquire a *bona fide* domicile in Florida prior to the filing of the bill of complaint upon which the divorce decree of 1939 was granted. (*Glaser* v. *Glaser,* 276 N. Y. 296, 299.)

The divorce action brought by the decedent in 1939 and the subsequent appearance therein by the petitioner did not suffice to confer upon the Florida court jurisdiction of the subject matter of the action. It has been established in the present proceeding that neither party to that action was a domiciliary of Florida before the bill of complaint was filed. It is that lack of domicile which deprived the foreign court of jurisdiction. In those circumstances the courts of this State did not violate the full faith and credit clause of the Federal Constitution when in this proceeding they refused to give effect to the Florida divorce decree of 1939. (*Andrews* v. *Andrews, supra,* pp. 41, 42; *German Savings Society* v. *Dormitzer, supra,* p. 128; *Fauntelroy* v. *Lum,* 210 U. S. 230, 237; *Burbank* v. *Ernst,* 232 U. S. 162, 163; *Chicago Life Ins. Co.* v. *Cherry,* 244 U. S. 25, 29; cf. *Bell* v. *Bell,* 181 U. S. 175, 177.)

This rule is not opposed to legal principles formulated in *Williams* v. *North Carolina* (317 U. S. 287, 292, 302). There the court expressly reserved the question now before us and treated the case " precisely the same as if petitioners had resided in Nevada for a term of years and had long ago acquired a permanent abode there." There it was assumed " that petitioners had a *bona fide* domicile in Nevada, not that the Nevada domicile was a sham." Here our decision upon that branch of the case rests upon factual findings that the decedent's alleged residence in Florida was " sham and fraud " and that he " did not acquire a *bona fide* residence " in that State.

We are thus led to conclude that the Florida divorce decree of 1939 was invalid and that the petitioner, as guardian of the decedent's only child, is entitled to administer his estate.

The order should be affirmed, without costs.

DESMOND, J. (dissenting). Homer Lindgren died intestate. The effect of the order appealed from is to award the whole of his estate to his daughter and to exclude from all interest in that estate, decedent's second wife. That result follows if we accept the holding of the Surrogate, made on petition of the daughter, that decedent's Florida divorce from his first wife, and his subsequent marriage to cross-petitioner-appellant, were invalid. We think it settled that the daughter had no right to attack that second marriage. During decedent's life, the courts would not have listened to any assertion by him, as against his second wife, that his marriage to her was void (*Krause* v. *Krause,* 282 N. Y. 355.) After his death his daughter, claiming his property as his distributee, was, as to such property, subject to the same disability; she was barred, as was her father before her, from denying that cross-petitioner is entitled to the property rights which come from marriage. (*Matter of Morrisson,* 52 Hun 102, affd. 117 N. Y. 638; *Melchers* v. *Bertolido,* 118 Misc. 196; *Elliott* v. *Wohlfrom,* 55 Cal. 384; Jacobs, Attack on Divorce Decrees, 34 Mich. Law Review 975.) None of the cases cited as contrary authority are in conflict with the rule herein stated, since in none of those cases was the party who disputed the divorce or the second marriage, a grantee, transferee or successor, as to the property involved, of the person who had obtained the unlawful divorce.

The order should be reversed and appellant's cross petition granted, with costs.

LOUGHRAN, RIPPEY, CONWAY and THACHER, JJ., concur with LEWIS, J.; DESMOND, J., dissents in opinion in which LEHMAN, Ch. J., concurs.

Order affirmed.