PAULINE SOLOTOFF, Appellant, v. CHARLES SOLOTOFF, Respondent.— As a defense to an action for separation, defendant interposes a decree of divorce procured by him in the Court of Common Pleas, State of Ohio. He avers, in support of his motion for summary judgment, that he was a domiciliary of that State for more than one year prior to commencement of the divorce action and annexes documentary proof which shows that the present plaintiff (defendant therein) was served by publication, that a default decree was entered despite the filing of an untimely answer and that, thereafter, the present plaintiff made a motion for a new trial, which was denied. Order granting defendant's motion for summary judgment reversed on the law and the facts, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs. It is now the settled law that the courts of this State are not required to grant full faith and credit to a decree of divorce of another State obtained on constructive service when neither spouse was domiciled in the granting State; and that they reserve the right to pass upon the *bona fides* of the residence of the parties. (*Matter of Bingham*, 265 App. Div. 463, leave to appeal denied 290 N. Y. 929; *Matter of Holmes*, 291 N. Y. 261.) The averments of defendant as to his domicile in the State of Ohio are not sufficient to warrant granting summary judgment on the ground that he has established that the court of that State had acquired jurisdiction of the subject matter. The question of defendant's domicile is one of fact, to be determined upon a trial, and may not be disposed of upon the bare statements in the moving affidavit. Notwithstanding the filing of an answer and the motion for a new trial in the Ohio action by the plaintiff herein, the court of that State did not obtain jurisdiction of the subject matter of the

action if neither party was a domiciliary of that State when the action was instituted. . (*Matter of Lindgren,* 293 N. Y. 18, 24.) Johnston, Adel, Lewis and Aldrich, JJ., concur; Hagarty, J., concurs with the following memorandum: The appearance of the present plaintiff in the divorce action instituted by the present defendant in the State of Ohio did not serve to vest the court of that State with jurisdiction to determine jurisdiction of the subject matter (*Andrews* v. *Andrews,* 188 U. S. 14), at least in the absence of actual litigation in that action of that issue. (*Davis* v. *Davis,* 305 U. S. 32.) Authority in this State such as *Kinnier* v. *Kinnier* (45 N. Y. 535), *Tiedemann* v. *Tiedemann* (172 App. Div. 819, affd. 225 N. Y. 709, appeal dismissed 251 U. S. 536), and *Glaser* v. *Glaser* (276 N. Y. 296), proceeded under the concept, now shown to have been mistaken (*Williams* v. *North Carolina,* 317 U. S. 287; see *Matter of Holmes,* 291 N. Y. 261, 267, 271), that acquirement of jurisdiction of the person by the court of a granting State was the dominant jurisdictional element in matrimonial actions. In the light of the fact that jurisdiction of the subject matter may now be scrutinized (*Matter of Bingham,* 265 App. Div. 463, leave to appeal denied 290 N. Y. 929), even consent of a nonresident defendant will not necessarily serve to preclude inquiry into the status of a party as a domiciliary of the granting State. (*Matter of Lindgren,* 293 N. Y. 18.) The belated and unsuccessful attempt of the present plaintiff to resist the granting of the decree by the court in the State of Ohio does not estop her from attacking its validity. (*Querze* v. *Querze,* 290 N. Y. 13; cf. *Vernon* v. *Vernon,* 262 App. Div. 431, affd. 288 N. Y. 503.) [See *post,* p. 777.]