Van Voorhis, J.
The facts alleged in the complaint are that the infant plaintiff is the child of the appellant John A. Urquhart and Vivien Costello Urquhart, born more than three years after a decree of divorce of tl^e parents was entered in Arkansas. The action is for a declaratory judgment establishing his legitimacy on the ground that the Arkansas divorce was void in that neither parent was domiciled in Arkansas. Plaintiff contends that at the time of his birth they were still husband and wife. The father was remarried to another woman soon after the *61 divorce, but he continued to cohabit with his former wife who appears to have been unaware of this marriage until some time after the infant plaintiff was born October 23, 1935.
The Arkansas divorce was obtained by the wife on the appearance of the husband. The question on this appeal is whether his appearance gave validity to the Arkansas decree so as to make it binding upon their child conceived thereafter.
Since the sufficiency of the complaint is challenged, the court must assume the truth of all of the facts alleged including that both of plaintiff’s parents were domiciled in New York State while the Arkansas divorce action was being commenced and prosecuted to judgment. It must, therefore, be assumed that the Arkansas decree was obtained by fraud on the court in falsely laying before it the fact of domicil of at least one of the spouses which was essential to its jurisdiction over the subject matter of the action (Williams v. North Carolina, 325 U. S. 226, 229).
It may well be true that where jurisdiction of the subject matter depends, as in this instance, upon a fact that could have been placed in issue in the court of the other State and which has been adjudged there in favor of the party who avers jurisdiction, it cannot be contested here by a party to the other action regularly before the court therein (O’Donoghue v. Boies, 159 N. Y. 87, 99, cited in Shea v. Shea, 270 App. Div. 527, 529). Thus in Glaser v. Glaser (276 N. Y. 296) it was indicated that a wife was precluded from suing her husband for a separation in this State in consequence of having appeared in a divorce action previously instituted and carried to a conclusion by him in another State. The Court of Appeals distinguished Andrews v. Andrews (188 U. S. 14) on the ground that it involved a statute of Massachusetts proclaiming the nullity of divorces in other State courts lacking jurisdiction of the subject matter even where they possessed jurisdiction of the person. In drawing this distinction, our Court of Appeals recognized that the full faith and credit clause of the Federal Constitution (art. IV", § 1) does not compel the recognition of such a judgment, but that its recognition is based on comity, depending on the public policy of the particular State. Only thus could the Massachusetts statute, declaring the public policy of that State, have been important, since that statute would have been void as unconstitutional if the full faith and credit clause had controlled.
The Federal Constitution does not compel recognition of judgments that would not have been rendered in other States unless the parties had stipulated, in effect, that the court of the other State had jurisdiction of the subject matter which it did not *62 possess. Our courts appear to have elected to regard such judgments as binding on the parties before the court of the "sister State in matrimonial actions on a principle in the nature of estoppel (Krause v. Krause, 282 N. Y. 355). That would appear to be the New York State public policy. If the parties have perpetrated a fraud on a court of another State, it would not lie in the mouth of either to say so. In giving effect to the rule of estoppel, the New York courts have necessarily followed a doctrine which, in the language of Chief Justice White in Andrews v. Andrews (188 U. S. 14, 41, supra) involves this contradiction in terms: ‘ ‘ that marriage may not be dissolved by the consent of the parties, but that they can, by their consent, accomplish the dissolution of the marriage tie by appearing in a court foreign to their domicil and wholly wanting in jurisdiction, and may subsequently compel the courts of the domicil to give effect to such judgment * * * ”, at least as between the parties themselves, who are in a certain sense in pari delicto. But the principle of Andrews v. Andrews (supra) that judgments of other States can be attacked collaterally for want of jurisdiction of the subject matter (although perhaps not applicable in New .York as between the parties themselves if they were both before the other court) applies to innocent third parties in the situation of this infant plaintiff. Concerning him the record shows “ facts which prove it to be against conscience to execute the judgment, and which the injured party could not make available in a court of law, or which he was prevented from presenting by fraud or accident, unmixed with any fraud or negligence in himself or his agents. (Story’s Eq. Jur., § 887.) ” (Kinnier v. Kinnier, 45 N. Y. 535, 542-543). The very circumstance that as a judgment in rem affecting the marital status this divorce decree, if valid, binds others than the parties, furnishes an important reason on account of which their after-born child should be permitted to attack it collaterally on the ground of their collusive fraud upon the other court in clothing it with the false appearance of jurisdiction. The impact of the judgment of the sister State upon him would deprive him of his legitimacy. This is as real and unfair a consequence unless he can be heard now as though he had been in being and deprived of opportunity to intervene in a matrimonial action wherein his legitimacy was at stake. “ A decree of divorce, so far as it affects the status of the parties, is considered a judgment in rem, and if free from fraud and collusion, is binding on the whole world * * (2 Freeman on Judgments, § 906, italics supplied; 2 Bishop on Marriage, *63 Divorce and Separation, § 1569.) Arcuri v. Arcuri (265 N. Y. 358) is not to the contrary. The Court of Appeals stated that the facts did not come within the doctrine of those decisions which allow a collateral attack on a judgment obtained by fraud, and pointed out that the court did not lack jurisdiction in rendering the final order which was challenged.
Matter of Lindgren (293 N. Y. 18) requires an affirmance of the order denying the motion to dismiss the complaint. The decision therein does not appear to have turned on the belated appearance of the defendant in the Florida action, but rather upon the circumstance that the child of the marriage had not been a party to the divorce action notwithstanding the contention that neither of the “ two parties could thereafter challenge the validity of the foreign court’s degree ” (p. 22, citing Krause v. Krause, 282 N. Y. 355, supra, decided under the quasi-estoppel doctrine).
Hynes v. Title Guarantee & Trust Co. (273 N. Y. 612), relied on by appellant herein, is distinguishable in that there the adopted daughter of Edward W. Browning, deceased, was in privity of estate with him in contesting a dower right which would otherwise have been a lien upon real estate inherited by her from Browning. The Hynes case was distinguished on this ground in Matter of Lindgren where the child’s right to letters of administration was regarded as having its origin in her personal status as child and not as involving privity of estate with the decedent whereby she would have been subject to the estoppel against him. The same principle applies a fortiori to a child conceived after divorce who is seeking to establish legitimacy. To reverse the order appealed from would sanction the perpetration of fraud on the courts of other States, and would be an invitation to persons desiring divorces to go to other States where neither is domiciled. It would remove entirely whatever wholesome restraint now arises from fear of the invalidation of divorces so obtained when challenged by innocent third parties.
The order should be affirmed, with $20 costs and disbursements.