MARTHA ELMI, Plaintiff, *v.* HERBERT ELMI, Defendant.

Supreme Court, Special Term, Kings County, April 21, 1948.

*Goldenkoff & Murphy* for plaintiff.

*Englander & Englander* for defendant.

BELDOCK, J. In this action for a separation defendant has interposed (1) an affirmative defense consisting of an allegation that plaintiff's purported marriage to the defendant is invalid under the laws of the State of New York because of a prior existing marriage which had not been dissolved, and (2) a counterclaim asking that the marriage between plaintiff and defendant be annulled and declared void.

Defendant's affirmative defense and counterclaim are based entirely upon the invalidity of the divorce obtained in the State of Nevada by the husband of the plaintiff by a prior marriage.

It is the contention of the defendant that the plaintiff neither having been served nor having appeared in the Nevada action and her first husband not having established a bona fide residence therein, the Nevada court lacked jurisdiction to enter a decree and therefore under the laws of the State of New York the plaintiff at the time of her marriage to the defendant was and still is the legal wife of her first husband.

Defendant now seeks to examine the first husband with respect to (1) facts generally regarding the alleged divorce obtained by him in the State of Nevada, and (2) facts with regard to his residence and domicile in the said State of Nevada prior to obtaining the said decree of divorce and immediately thereafter.

" It is now the settled law that the courts of this State are not required to grant full faith and credit to a decree of divorce of another State obtained on constructive service when neither spouse was domiciled in the granting State, and that they reserve the right to pass upon the *bona fides* of the residence of the parties." (*Solotoff* v. *Solotoff*, 269 App. Div. 677, citing

*Matter of Bingham*, 265 App. Div. 463, leave to appeal denied, 290 N. Y. 929; *Matter of Holmes*, 291 N. Y. 261.)

In cases such as this which involve the problem of the jurisdictional efficacy of a foreign decree of divorce, it has been said that the basic question of domicile is one of fact to be determined upon the trial (*Solotoff* v. *Solotoff, supra*) and that if neither party was a domiciliary of the State when the action was instituted the court of the granting State does not obtain jurisdiction of the subject matter of the action. (*Matter of Lindgren*, 293 N. Y. 18, 24.) The burden of overcoming the respect to which such foreign decree is entitled under the full faith and credit clause rests heavily on the one who asserts it. But even though a State finds it has power to award a divorce decree, such decree cannot foreclose re-examination by another State. (*Williams* v. *North Carolina*, 325 U. S. 226, 233).

Moreover, it is argued by plaintiff that it has not been shown that the witness to be examined is about to depart from the State, or is without the State, or resides at a considerable distance from the place of trial, or that other special circumstances are present which render it proper that the deposition be allowed. While it is true that the said witness is presently residing in the State of New York and there is no showing that he is about to depart therefrom, it appears that he has since remarried. It is obvious, therefore, that he will not willingly testify to facts indicating that the divorce he obtained is invalid and that he is now living in a bigamous relationship with his present spouse.

Whatever may be the view in other departments, the Appellate Division of this department has adopted the more liberal practice of allowing examinations before trial in the case of hostile or unwilling witnesses. (*Sweet* v. *Sweet*, 266 App. Div. 1010; *Reif* v. *Gebel*, 246 App. Div. 776; *Lyon* v. *Fieldgren Realty Corp.*, 190 Misc. 700, affd. 273 App. Div. 917.) For a summary of the viewpoint of the different departments, see, also, *De Maria* v. *Gaidusek*, (186 Misc. 340).

Accordingly, defendant's motion will be granted to the extent of directing an examination " with regard to the residence and domicile of plaintiff's first husband in the State of Nevada prior to obtaining the said decree of divorce and immediately thereafter."