S. Samuel Di Falco, S.
The accounting party moves to dis-affirm the report of the Referee and for a determination by the court that the objectant was not the lawful husband of the decedent for the reason that he had not been validly divorced from his former wife at the time that he entered into marriage with the decedent.
The court record, introduced in evidence by the accounting party, contains the judgment of divorce in favor of the former wife against the objectant, dated April 18, 1939. Concededly, the objectant and the decedent were married on March 26, 1946. The challenge of validity of the divorce decree, rests mainly on two principal grounds: (1) that the former wife of the objectant was not a bona fide resident of Puerto Rico at the time the action was instituted by her in the District Court, Judicial District of San Juan, Island of Puerto Rico; (2) that the affidavit *729 supporting the order of publication of the summons was insufficient and the judgment entered on default of the defendant was wholly void.
We shall assume, as did the learned Referee, that the accounting party has the right to make a collateral attack upon the decree on the grounds specified by her. In the view which the court takes of the evidence adduced by her, it is not necessary to decide her status to attack the decree.
The New York courts are not required to give full faith and credit to the judgment and decrees of another jurisdiction granting a divorce to one of the parties unless one party to the proceeding had a bona fide domicile in the jurisdiction which decreed the divorce. (Matter of Holmes, 291 N. Y. 261, 268; Vanderbilt v. Vanderbilt, 1 N Y 2d 342, 347-348; Matter of Lindgren, 293 N. Y. 18, 24; Johnson v. Muelberger, 340 U. S. 581, 585-586.) The judgment record shows that the complaint alleged residence in Puerto Rico and that in her sworn testimony before the Justice of the District Court, plaintiff stated that her domicile was in Puerto Rico. The burden of establishing the nullity of the decree rests upon the party who assails it. (Williams v. North Carolina, 325 U. S. 226, 233-234; Cook v. Cook, 342 U. S. 126; Matter of Holmes, supra, pp. 272-273.) The accounting party has failed to adduce any evidence which would justify the court in finding that the former wife of the objectant did not have a bona fide domicile in Puerto Rico at the time she commenced her action or during the requisite period prior thereto. The accounting party has failed to sustain the burden of proof in this respect.
The second ground for launching an attack on the divorce decree relates to the publication of the summons. The complaint in the divorce action was verified by the plaintiff. It alleged that the last known residence of the defendant was in the city of New York. It charged that the husband deserted plaintiff. A separate affidavit by the plaintiff alleged that the defendant was not then in the Island of Puerto Rico, that he was in the United States and that the plaintiff was ignorant of his whereabouts or his residence in the United States. Section 94 of the 1933 Code of Civil Procedure of Puerto Rico provides that when “ the person on whom the service is to be made resides out of the said Island, * * # and the fact appears by affidavit to the satisfaction of the court or a judge thereof, and it also appears by such affidavit, or by the verified complaint on file that a cause of action exists against the defendant in respect to whom the service is to be made, * * * such *730 court or judge may make an order that the services be made by the publication of the summons.” There is no requirement under the terms of the statute that the plaintiff show due diligence to serve the defendant within the jurisdiction of the court when it is made to appear that he resides outside Puerto Rico. One of the decisions submitted to the learned Referee by the accounting party makes this point clear.
In Danis v. Municipal Court (57 P. R. R. 815), the affidavit alleged that the defendants in previous years had their residence in Santander, Spain and that their present whereabouts were unknown. The court said: “ If the plaintiff in its affidavit had positively declared that the defendants resided in a. particular place outside off Puerto Rico, then it would not have been necessary to state the steps taken to find them in Puerto Rico, for the law, resting as it does on sound principle of logic, does not require futile things, and it would have been useless to try to locate them in Puerto Rico when it was positively known that they were outside of this jurisdiction. In the case at bar, as we have seen, the affidavit fails to state positively that the defendants resided outside of this Island at the time of the making of the affidavit.”
In the pending case, the verified complaint alleges that the last known residence of the defendant was in the city of New York and the sworn statement alleges that the defendant was not at that time in Puerto Rico, that he was in the United States and that his whereabouts or residence were not known. The Code of Civil Procedure of Puerto Rico does not require that the affidavit give the sources of knowledge of the fact of non-residence of the defendant. The statement that he was in the United States satisfied the court which made the order of publication. No one even suggests that in point of fact the objectant was then, or ever had been in Puerto Rico. The evidence would indicate that he was in fact in the United States when the publication of the summons was made. Such evidence as there is serves only to support the statement of the plaintiff that the defendant was a nonresident of Puerto Rico and was then in the United States. The court agrees with the learned Referee that the procedural requirements under the law of Puerto Rico for a valid judgment were fulfilled.
The objectant requests that the report of the Referee be confirmed except insofar as it overruled the defense of res judicata. The decrees of July 6, 1953 and May 5, 1954 purport to reserve the particular issue for further proceedings. The objectant argues that nonetheless the decree must rest on a finding of status, and the issue was necessarily included. In view of the *731 determination that the ohjectant is the surviving hushand of the decedent, it is not necessary to determine whether or not the same point has been heretofore put to rest by implication of a former decree. The report of the Referee is otherwise confirmed and the decree to be entered at the termination of this proceeding will determine that object ant is the surviving husband and entitled to his distributive share of the estate.
Submit order on notice accordingly.