JEAN B. MARKOWITZ, Respondent, v. BERNARD MARKOWITZ, Appellant.

Second Department, July 1, 1963.

*Frank C. McDermott* for appellant.

*Elliot T. Samuelson* for respondent.

UGHETTA, Acting P. J. This action was commenced in January, 1963. For convenient reference, the plaintiff wife and the defendant husband, respectively, are hereafter referred to as the " wife " and the " husband."

The complaint alleges that the parties were married in the State of Connecticut on September 16, 1955; that there are no children of the marriage; that at the time of the marriage the husband had a living wife whom he had married in New York

on July 31, 1939; and that such marriage is still subsisting, not having been dissolved by any decree of divorce or annulment of a court of competent jurisdiction. An action such as this is expressly sanctioned by statute (Civ. Prac. Act, § 1134).

Instead of serving an answer, the husband moved to dismiss the complaint upon three grounds: (1) that it is patently insufficient (Rules Civ. Prac., rule 106, subd. 4); (2) that the action is barred by an existing final judgment determining the status of the parties (Rules Civ. Prac., rule 107, subd. 4); and (3) that the court should decline to take jurisdiction of the action since it is one in which plaintiff seeks, in effect, a declaratory judgment.

In support of his motion, the husband alleges the following facts which appear to be undisputed:

(1) On July 31, 1939, the husband married one Elizabeth Markowitz in New York. They have a daughter, Susan, born in 1947. In 1954 Elizabeth and the husband separated and entered into a separation agreement under which the husband agreed to provide for the support of Elizabeth and Susan.

(2) In August, 1955 the husband instituted an action in Mexico for a divorce from Elizabeth. She was served with process in New York, but did not appear in the action either personally or by attorney. A month later the husband, accompanied by his present wife (plaintiff), travelled to Mexico, where he procured a divorce decree from Elizabeth. The husband and the present wife returned immediately to New York and shortly thereafter went to Connecticut where a civil marriage ceremony between them was performed on September 16, 1955. Theretofore, and in 1946, the wife had procured a Mexican divorce from one Ardizzone.

(3) In 1956 Elizabeth instituted an action in New York solely against the husband wherein she sought a judgment of divorce on the ground that he was living in adultery with the wife. On appropriate findings it was declared that the 1955 Mexican decree was void. An interlocutory judgment in favor of Elizabeth was entered April 15, 1957; it became a final judgment as of course on July 17, 1957.

The only real ground for the attack on the present complaint is that the status of the parties is *res judicata*. It is argued that the present action is unnecessary since it has been duly found that the 1955 Mexican decree is void; and that based upon such finding Elizabeth has obtained a judgment by which the wife (the plaintiff) is bound.

The husband relies chiefly on the authority of *Garvin* v. *Garvin* (306 N. Y. 118) and *Presbrey* v. *Presbrey* (6 A D 2d 477, affd.

8 N Y 2d 797). In each of those cases a first wife had procured a judgment of separation based on findings that a purported decree procured by the husband divorcing him from her was void and that consequently his subsequent second marriage was void. The court held that an additional action by the first wife to declare her to be the husband's lawful wife was unnecessary. In *Presbrey* (*supra*), the first wife also had sought annulment of the second marriage. That claim was dismissed on the basis of the cited authority, including subdivision 1 of section 74 of the Restatement of the Law of Judgments. Said section 74 is to the effect that a judgment of separation was in rem and, with respect to status, was conclusive on all persons that a valid marriage subsisted both before and after the separation judgment. The court in *Presbrey* also held that the statutory right to commence the annulment action (Civ. Prac. Act, § 1134) was subject to judicial discretion.

Such authority is here inapplicable, although a query is thereby engendered as to the remedy, if any, of a second wife to determine her status if, by proof not presented in the first wife's matrimonial action to which the second wife was not a party, the second wife could now establish that the divorce decree between her husband and the first wife was valid (cf. *Matter of Lindgren*, 293 N. Y. 18).

In the present case, even though the divorce decree which Elizabeth had procured was based on a finding that the prior divorce decree procured by the husband was void, her judgment established as against all persons only her status as a single (or unmarried) person, i.e., that she was no longer the wife of the husband. It did not establish that the divorce decree procured by the husband never had validity. It was held in *Matter of Holmes* (291 N. Y. 261) that, even though it necessarily had been found in a successful action for divorce by a first wife, that the foreign decree procured against her by her husband was void, nevertheless the husband was entitled to prevail as against a prospective representative of the estate of a subsequently deceased second wife.

Hence, as between husband and wife, there is no bar to litigating the validity of the Mexican divorce decree. As stated in the second subdivision of section 74 of the Restatement (cited in *Matter of Holmes*, 291 N. Y. 261, 270, *supra*): "A judgment in such a proceeding [in rem] will not bind anyone personally unless the court has jurisdiction over him, and it is not conclusive as to a fact upon which the judgment is based except between persons who have actually litigated the question of the existence of the fact."

In the absence of any circumstance warranting denial, the wife is entitled to invoke her statutory remedy (Civ. Prac. Act, § 1134) and to seek support from the husband (Civ. Prac. Act, § 1140-a).

The order should be affirmed, without costs, and the husband's time to answer extended until 20 days after entry of the order hereon.

KLEINFELD, CHRIST, BRENNAN and RABIN, JJ., concur.

Order affirmed, without costs. Defendant's time to answer is extended until 20 days after entry of the order hereon.