ALFRED ARCURI, as Administrator of the Estate of CARMINE ARCURI, Deceased, Respondent, v. ANTOINETTE ARCURI, Appellant, Impleaded with Others.

(Submitted October 3, 1934; decided November 20, 1934.)

*Sydney J. Schwartz* and *Louis Barnett* for appellant.

*Charles Foley* for respondent.

O'Brien, J. The certified question requires us to decide whether the complaint states a cause of action.

According to the allegations, plaintiff is administrator of Carmine Arcuri who died in 1932. The defendant Antoinette Arcuri was the wife of Archangel Viglione and on February 9, 1925, she procured a decree under section 7-a of the Domestic Relations Law (Cons. Laws, ch. 14) dissolving her marriage with him. That decree resulted from her perjury as a witness on the trial when she testified that she was not aware of the fact that her husband was living during the five preceding years and that she believed him to be dead. On February 17, 1925, although she knew her husband to be alive, she entered into a marriage ceremony with the decedent Carmine Arcuri. He, in reliance upon her fraudulent representations that she was his lawful wife, was induced by her to take an assignment of a mortgage for $15,000 in the names of himself and defendant or the survivor. For relief, the complaint demands judgment decreeing among other things that defendant is not the widow of Carmine Arcuri and that she has no interest in the mortgage.

We agree with the Appellate Division that the question here presented is whether defendant's judgment of annulment may be attacked collaterally in this action, but we cannot assent to the proposition that the court lacked jurisdiction in the annulment action or that the perjury practiced by the plaintiff on that trial constitutes fraud on the court of such a nature as to allow in this action a collateral attack upon that judgment.

The court's jurisdiction to try the issues in the proceeding for annulment was complete. (*Sleicher* v. *Sleicher,* 251 N. Y. 366.) It was not lacking in respect to the subject matter or the persons. The life or death of the petitioner's husband and her belief in his death were

merely issues of fact to be determined on the trial. At most, an error of fact was committed by the court in accepting the credibility of a witness committing perjury. The statute authorizes the court, if satisfied of the truth, to make an order dissolving the marriage. So the central point in this case is whether the perjury of a party as a witness may form the basis for an oblique attack in another action or proceeding between other parties wherein different issues are involved. Of course a judgment may be set aside for fraud by an action brought for that purpose, but the plaintiff in such an action must be one whose rights have been directly invaded (*Kinnier* v. *Kinnier*, 45 N. Y. 535; *Ruger* v. *Heckel*, 85 N. Y. 483) and the fraud must be in some matter other than the issue in the action resulting in the judgment which is assailed. (*United States* v. *Throckmorton*, 98 U. S. 61, 66; *Crouse* v. *McVickar*, 207 N. Y. 213, 218.) The facts in this case do not come within the doctrine of those decisions which allow a collateral attack on a judgment obtained by fraud.

The order of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in this court and in the Appellate Division, and the question certified answered in the negative.

POUND, Ch. J., CRANE, HUBBS, CROUCH and LOUGHRAN, JJ., concur; LEHMAN, J., dissents on the ground that the rule against collateral attack does not debar the plaintiff from proof of fraudulent representation made by the defendant that the marriage was lawful.

Ordered accordingly.