MATTHEW CIACCIO, Appellant, v. NEW YORK RAILWAYS CORPORATION, Respondent.— Action to recover damages for personal injuries sustained by plaintiff when struck by one of defendant's trolley cars at Thirty-eighth street and Seventh avenue in the borough of Manhattan, city of New York. Appeal from judgment dismissing the complaint at the close of plaintiff's case. Judgment dismissing the complaint reversed on the law and a new trial granted, costs to abide the event. The plaintiff started to cross the avenue when the traffic lights were green. Upon his reaching the middle of the avenue and a point between the north-bound and south-bound trolley tracks, the lights turned for traffic to proceed on Seventh avenue, and while standing in that position the plaintiff was struck by a north-bound trolley car. The question of the plaintiff's contributory negligence was one of fact which should have been submitted to the jury. Young, Hagarty, Carswell, Scudder and Davis, JJ., concur.

MAE L. CONLISS, as Administratrix, etc., of CHARLES A. GARDNER, Deceased, Appellant, v. HELEN or NELLIE SELF, Otherwise Known as HELEN or NELLIE GARDNER, Respondent.— The action is to determine property rights as between the plaintiff and the defendant, who is alleged to have been illegally married to the decedent for the reason that she had a former husband living, and obtained the money on certain insurance policies by false and fraudulent representations as to her status. Order dismissing the complaint on the ground that it does not state facts sufficient to constitute a cause of action reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to defendant to answer within ten days. Plaintiff is entitled to maintain this action to determine property rights. (See *Bell* v. *Little*, 204 App. Div. 235; affd., 237 N. Y. 519.) The case of *Arcuri* v. *Arcuri* (265 N. Y. 358, decided November 20, 1934) is not an authority for defendant, for in the *Arcuri* case the question was whether a previous order of annulment under section 7-a of the Domestic Relations Law could be attacked collaterally. Here there is no claim of an annulment of the defendant's first marriage, but it appears that she falsely represented that her first husband was dead at the time she married decedent. Lazansky, P. J., Hagarty Carswell, Tompkins and Davis, JJ., concur.