HENRY HINDERMANN, Respondent, *v.* ANNA HINDERMANN, Appellant.

Second Department, June 14, 1935.

*Samuel Witte*, for the appellant.

*Francis D. McGarey*, for the respondent.

JOHNSTON, J. The facts are undisputed. Appellant married John Forst, Jr., in Massachusetts, on June 27, 1911. In 1921 they moved to Queens county, N. Y. In 1926 Forst deserted appellant, who continued to reside in Queens county. Subsequently Forst went to Reno, Nev., and on October 1, 1931, instituted an action for divorce in that State. Appellant was served personally with the summons and complaint in Queens county, but did not appear in the action. On November 3, 1931, a final decree of divorce was entered. On April 8, 1933, appellant and respondent were married in New York and they lived together until August 25, 1933, when respondent commenced an action for separation on the ground of cruelty. Appellant interposed an answer admitting the allegations of the complaint except those charging cruelty, and setting up a counterclaim for separation on the ground of abandonment and non-support. On February 14, 1934, an order was entered permitting respondent to discontinue his action and to reply to appellant's counterclaim. Respondent, in his reply, admitted he and appellant participated in a marriage ceremony on April 8, 1933, in Queens county, and denied all the other allegations in appellant's answer. Respondent also pleaded, as a separate defense and counterclaim, that his marriage to appel-

lant is invalid because appellant's marriage to Forst, who is now living, is in full force and effect. Respondent also prayed for judgment dismissing appellant's counterclaim and declaring his marriage to appellant null and void.

Appellant concedes the Nevada decree was not valid in this State at the time it was obtained. Appellant contends, however, it is now valid and, under the full faith and credit clause of the Federal Constitution (Art. 4, § 1), is entitled to recognition by the courts of this State.

This contention is based on the fact that on May 4, 1934, during the pendency of the present action, appellant sought and secured a modified decree, which was entered *nunc pro tunc* as of the date of the original decree, and which showed her general appearance. This was done pursuant to the following statute, enacted by the State of Nevada on March 25, 1931: " Whenever a default judgment or decree has been entered and the court has lost jurisdiction to set aside, modify, alter or amend such judgment or decree by reason of the expiration of time, the party or parties in default therein may at any time thereafter enter general appearance in said action and said general appearance so entered shall have the same force and effect as if entered at the proper time prior to the rendition of said judgment or decree. On such appearance being entered the court may make and enter a modified judgment or decree to the extent only of showing such general appearance on the part of said party or parties in default, and shall be entered *nunc pro tunc* as of the date of the original judgment and decree." (Laws of Nevada, 1931, chap. 156.)

The sole question to be decided is: Did the modified decree of May 4, 1934, entered *nunc pro tunc* as of November 3, 1931, validate the marriage on April 8, 1933, of appellant and respondent.

We hold it did not. It is true that where a court of a sister State has jurisdiction of the subject-matter and the parties, its decrees are entitled to recognition by the courts of this State. The Nevada court, however, never acquired jurisdiction of appellant until May 4, 1934, which was nearly thirteen months after her marriage with respondent and more than eight months after the institution of the instant action. Appellant's marriage with respondent was void under our statute (Dom. Rel. Law, § 6), and was not made valid by the modified decree of the Nevada court. The recent case of *Merrick* v. *Merrick* (266 N. Y. 120) is authority for this proposition. There, the plaintiff-husband obtained a decree of absolute divorce in 1920. The decree forbade the defendant to remarry during plaintiff's life. Without obtaining a modification of the decree, defendant, in November, 1925, during

the lifetime of plaintiff, married one Bartlett. The latter instituted an action to annul his marriage with defendant upon the ground that it was void by reason of the decree forbidding remarriage, and that he was induced to marry defendant by fraudulent representations. On June 16, 1933, during the pendency of the annulment action, defendant obtained an order at Special Term modifying the decree *nunc pro tunc* as of November 16, 1925. The court reversed the order and held the Special Term was without power to make an order *nunc pro tunc* " which will supply a jurisdictional defect by requiring something to be done which has not been done." The court also pointed out that the validity of defendant's marriage with Bartlett depended upon a previous modification of the decree of absolute divorce against her, and none had been obtained.

The judgment dismissing defendant's counterclaim upon the merits should be affirmed, without costs.

Present — LAZANSKY, P. J., YOUNG, CARSWELL, TOMPKINS and JOHNSTON, JJ.

Judgment dismissing defendant's counterclaim upon the merits unanimously affirmed, without costs.