In the Matter of the Application of VERONICA G. BOYLAN for an Order Dissolving the Marriage between Her and THOMAS BOYLAN, Pursuant to Section 7-A of the Domestic Relations Law, a Section Relating to the Domestic Relations Constituting Chapter 14, as Amended by Chapter 279 of the Laws of 1922 and Laws Amendatory Thereto.

THOMAS BOYLAN, Appellant; VERONICA VOGEL and EMIL VOGEL, Respondents.

Third Department, November 11, 1936.

*William L. Clay*, for the appellant.

*Warren, Shuster, Case & Halsey* [*Earl F. Case* of counsel], for the respondents.

RHODES, J. The appellant and Veronica Boylan were married in Rochester May 17, 1915, at which time she was nineteen years of age and the appellant was forty-nine or fifty years old. Their married life was unpleasant, and each claims to have been the victim of cruel treatment on the part of the other. Because of these unhappy disputes and differences they separated, she claiming that he disappeared in November, 1917. No children were born of this marriage. In 1928 she brought a proceeding in Rensselaer county under section 7-a of the Domestic Relations Law for dissolution of the marriage. At the hearing on her petition in that proceeding she swore that she had never heard of him after the time of his said disappearance, and that she believed him to be dead; that he and she had moved to Rensselaer where they were residing at the time of his disappearance, and that her residence was in Rensselaer at the time of said hearing.

The judgment dissolving said marriage was granted on April 21, 1928. The appellant herein learned of said judgment in the summer of that year. He says that the testimony of Veronica Boylan, wherein she swore that they had moved to Rensselaer and lived there and that such was her residence at the time of the hearing, was false, and that her testimony wherein she swore that she had never seen him since his said disappearance and believed him to be dead was wholly false; that she knowingly testified falsely to material things in order to procure the judgment dissolving the marriage.

Upon learning of the dissolution of the marriage the appellant commenced an action against her and her attorney and others, seeking to vacate the judgment dissolving said marriage and asking for damages on account of fraud. He was unsuccessful in this action and thereupon commenced an action against her demanding that the said judgment of dissolution be set aside. In this action also he was defeated, and thereupon a third action was commenced

against her wherein he sought the same relief which he seeks here, which action was pending on appeal before the Appellate Division, Fourth Department, at the time of the granting of the order herein appealed from.

Finally upon affidavits and notice of motion dated August 31, 1935, the appellant made this application in the original proceeding in which the marriage was dissolved and asked that said judgment of dissolution be vacated and set aside because of the fraudulent testimony of said Veronica Boylan. The application was denied by the order appealed from herein, the court below in his opinion giving as his reasons for denying the application the fact that the appellant had been guilty of laches, and that the same question raised on the motion was then pending in the Appellate Division.

The appellant argues that he was not guilty of laches because he says that it was not until the decision by the Court of Appeals in the case of *Arcuri* v. *Arcuri* (265 N. Y. 358), decided November 20, 1934, that the law was finally settled that such a judgment of dissolution may not be attacked collaterally. This court, however, in *Dodge* v. *Campbell* (229 App. Div. 534), pointed out that such a judgment may not be collaterally attacked except for lack of jurisdiction, which determination was affirmed by the Court of Appeals without opinion on February 10, 1931 (255 N. Y. 622). Certainly from that date the appellant is chargeable with knowledge of the only remedy available, but from then until the institution of this proceeding in August, 1935, he made no direct move in the proceeding itself to vacate the judgment.

Meanwhile the situation had changed and other rights had intervened. On the same day that the judgment of dissolution was granted Veronica Boylan married Emil Vogel, who says that he entered into the marriage in good faith, believing the appellant herein to be dead, and with no knowledge of any invalidity or question about the said judgment of dissolution. Both Emil and Veronica say that their married life has been happy.

At the time this motion was made it appeared in behalf of the respondent that she was then pregnant and expected to give birth to a child in the spring of 1936, and it now appears by certificate of birth presented upon this argument that a male child was born of her marriage with Emil Vogel on June 9, 1936. The interests of this infant, involving the question of its legitimacy, are involved herein; thus the situation is entirely different from that which existed at the time when appellant learned of the dissolution of his marriage.

" If, in the course of an inexcusable delay in the assertion of a right, changes occur in the subject matter of the transaction in suit or in the relative positions of the parties thereto, as a result of which it is impossible to place the parties *in statu quo*, and the enforcement of the right would work inequity, relief will be denied because of laches." (Equity, 21 C. J. p. 231, § 225; *Sullivan v. Miller*, 106 N. Y. 635; *Thomas* v. *Bartow*, 48 id. 193.)

The court below properly denied the application of the appellant because of laches. The order should be affirmed, with costs.

HILL, P. J., CRAPSER, BLISS and HEFFERNAN, JJ., concur.

Order affirmed, with costs.