In the Matter of the Estate of ARTHUR F. McCARTHY, Deceased.

Surrogate's Court, New York County, August 20, 1948.

*Selig Lenefsky* for Valerie E. McCarthy, as general guardian of Barbara J. McCarthy, petitioner.

*Henry Hirsch* and *Jacob Goldberg* for Dorothy E. McCarthy, respondent.

DELEHANTY, S. In 1933 deceased married the petitioner in this proceeding. A child was born of that union in 1938. Petitioner is the guardian of the child. Here petitioner seeks revocation of letters of administration which were issued to respondent as the surviving spouse of deceased. The question

at issue is whether or not deceased left a surviving spouse entitled to take letters.

Some time in 1943 petitioner and her then husband entered into a separation agreement which recited that they had theretofore actually separated and were living apart. That agreement provided for certain financial benefits to petitioner. It recited that each of the signatories desired to live separate and apart and expressly provided that either might order his life thereafter " as if sole and unmarried " and might " reside * * * at such places * * * that either shall deem fit, without any control, restraint or interference, directly or indirectly, by the other party ". After the making of this agreement in June, 1943, petitioner continued to reside in New York State until November, 1945. In that month petitioner gave up her apartment in a hotel where she lived with her mother and child and went to Florida with her child, whose custody she had under the separation agreement. Her mother then went to live with a son in Philadelphia. Petitioner remained in Florida until April, 1946. In the meantime she petitioned a Florida court in the county where she was living for a decree of divorce from her husband. She asserted to the court that she was a resident of Florida. She testified before the representative of the court that she was such resident and she called a witness, a relative apparently living permanently in Florida, to support her assertion of residence. Her application for a divorce was entertained. Process in the action was served on the deceased by publication. He never appeared in the action and in due course a decree of divorce was granted to petitioner. Concededly subdivisions (a) and (b) of section 87 of the Decedent Estate Law eliminate petitioner as a distributee of deceased whatever may be said about the validity of the Florida decree. Petitioner, as an individual, has no right to seek letters for herself.

After the decree of divorce was obtained by petitioner deceased remarried. His second wife survived him and obtained letters of administration on his estate. Such letters are now attacked on the ground that the respondent administratrix is not the surviving spouse of deceased because of the invalidity of the Florida divorce secured by petitioner. If respondent be not such surviving spouse petitioner's child is the only person interested in the estate of deceased and the letters issued to respondent must be revoked. Respondent's status as spouse depends upon the degree of credit to be given to the Florida

proceedings and the Florida decree. While the petition is in the individual name of the mother of the child its tenor is such as to require it to be deemed an application by her as general guardian of her infant daughter and in the latter's behalf. Respondent has so treated the petition and the court so treats it. It is settled that the child can challenge the validity of the Florida decree though her mother could not do so in her own interest (*Matter of Lindgren,* 293 N. Y. 18; *Krause* v. *Krause,* 282 N. Y. 355).

To support the attack upon the Florida decree persuasive proof of nonresidence of petitioner in Florida is required. The burden of establishing lack of residence is on the moving party here. If petitioner in fact was resident in Florida " there is no denying the jurisdictional validity of the * * * divorce decree, because the domicile of one spouse within a State gives power to that State to dissolve a marriage wheresoever contracted " (*Estin* v. *Estin,* 296 N. Y. 308, 312; and see *Williams* v. *North Carolina,* 325 U. S. 226, 229–230). Any policy of the State of New York in respect of the steps necessary to dissolve a marriage status is irrelevant if in fact another State of the union had and exercised jurisdiction over that status because of the residence therein of one only of the spouses. Since no attack is made upon the second marriage as such, respondent indubitably has the status of surviving spouse unless deceased had another living spouse at the time of that second marriage. To the status of surviving spouse (if that status is possessed by respondent) there is attached not only the right to participate in deceased's estate but also a prior right to the letters of administration now outstanding in the name of respondent.

In the effort to establish lack of residence of petitioner in Florida at the time she procured the decree of divorce petitioner herself testified. No other proof was presented. Petitioner's interest in the outcome of the litigation is obvious. She is here seeking to obtain the whole estate of deceased for her own child and patently her interest, from the viewpoint of her credibility, is as great as if she were seeking recovery of a share in the estate for herself. Being an interested witness this court as trier of the facts is not obliged to credit her testimony in such circumstances (*Piwowarski* v. *Cornwall,* 273 N. Y. 226; Surrogate's Ct. Act, § 71).

Her testimony in summary is that she never mentally intended to give up her domicile in New York, that she never formed an intention to make Florida her domicile and that her absences

from New York between November, 1945, when she left this State, and August, 1947, when she returned to this State, were dictated by considerations which did not destroy her New York domicile. While she makes these representations under oath it is also clear from her cross-examination that she stated in 1946, also under oath, that she was then a permanent resident of Florida. It is clear, too, that she procured a relative to testify to like effect in the Florida court. Her claim of retention of a contact with New York is quite tenuous, resting as it does on a claim of storage of goods here. Her absence from New York was a substantially continuous one for a period of nearly two years. She had the custody of her child and hence the right to take the child with her wherever she went. So far as any family residence can be said to have existed it was that which she established for herself and her daughter in Florida at least pro tem and later it was that which she occupied for more than a year with her child, her mother and her brother in Philadelphia. Her declarations now made in the present circumstances are not controlling on the fact of domicile (*Matter of Trowbridge,* 266 N. Y. 283). Petitioner was free to make her domicile wherever she chose and her declaration to the Florida court that she was resident in that State was wholly consistent with the external facts. No one then could have challenged her assertion successfully even had the effort been made. So too, no one could challenge successfully any assertion by her of a Philadelphia domicile if made by petitioner to suit any purpose of hers while she lived in Philadelphia. The assertion now of a mental reservation which prevented a change of domicile is not accepted by the court as adequate proof of lack of jurisdiction in the Florida court to make its decree of divorce. So, the decree stands.

Since the burden of proof rests on petitioner and since no other support for her cause is furnished except the testimony which the court has rejected, the application to revoke the outstanding letters is denied.

Submit, on notice, decree accordingly.