NINA B. STANTON, Plaintiff, *v.* CHARLES B. STANTON, Defendant.

Supreme Court, Special Term, Albany County, October 13, 1948.

*Richard P. Byrne* for defendant.

*John P. Judge* for plaintiff.

BERGAN, J. The action is for a divorce. The complaint alleges the marriage and continuous residence of both parties in New York; that on March 31, 1942, the Cayuga Special Term granted an interlocutory order on petition of defendant dissolving the marriage between the parties on the ground of the unexplained absence and presumed death of plaintiff; that the proceeding was

conducted without plaintiff's knowledge; that the interlocutory order was entered in Cayuga County on May 21, 1942; that before the order became final defendant married another woman on May 29, 1942; and that in consequence the relationship was then adulterous and gives ground for divorce, discovery having been made of it by plaintiff within five years.

Defendant moves to dismiss the complaint upon the ground that the order of dissolution entered May 21, 1942, has become final; that finality has resulted without regard to the conduct of the defendant in remarrying while the order was interlocutory; and since there is now no subsisting marriage, an action for divorce will not lie.

In a memorandum submitted by plaintiff in opposition to the motion, it is requested that if it be held the complaint is insufficient, plaintiff be allowed to amend and to seek by declaratory judgment a decision adjudicating her rights in relation to the defendant as her former husband.

No doubt an action for divorce will not lie where a court having jurisdiction of the marriage of residents, and having acquired personal jurisdiction by constructive service of process over one of the parties in accordance with the notice or publication fixed by statute, has adjudicated that the marriage has terminated. (*Hunt* v. *Hunt,* 72 N. Y. 217.)

There the court had under consideration a case where the parties were married in Louisiana in 1866, and continued there as residents until 1869, when the wife left the husband and departed the State. In 1870, the husband, continuing his residence in Louisiana, instituted an action for divorce in the court of that State and, obtaining jurisdiction of the wife by constructive service of process, recovered a judgment of divorce and remarried. The first wife, becoming a resident of New York, commenced an action for divorce on the ground that the court of Louisiana, not having obtained jurisdiction of her, the judgment was not binding personally and the second marriage was adulterous as to her.

The court in New York held that since the domicile of the marriage was in Louisiana and the residence of the wife, as well as the husband, by the law of that State, was deemed to have continued there, the court in Louisiana was able to obtain personal jurisdiction of the wife by constructive service of process, and that therefore the action would not lie in New York. (See *Hunt* opinion, FOLGER, J., pp. 237, 238, 239).

Therefore as to residents of New York, the court having jurisdiction of the marriage, the constructive service by publication prescribed by section 7-a of the Domestic Relations Law is due process as to the absentee who has been missing for five years. The final order is thus to be treated as a binding adjudication, not only of the subject of the marriage, but upon the absentee personally. (*Sheldon* v. *Wright,* 5 N. Y. 497; *Matter of Empire City Bank,* 18 N. Y. 199; *Schwinger* v. *Hickok,* 53 N. Y. 280).

But to say that the marriage has been terminated by a final order of a court having jurisdiction of the subject matter and the parties which will defeat a subsequent action for a divorce is not necessarily a final answer to all the rights of the parties and this seems to give point to the request of the plaintiff that she be allowed to seek a declaratory judgment of her rights. Even if the marriage be judicially deemed terminated, she may be able to show residual rights and other legal relations in the status and in relation to her former husband which would authorize a declaration within section 473 of the Civil Practice Act.

The order of dissolution rested on the finding that she was dead. The proceeding was one that is very narrow in scope and purpose. It followed a statute which created relief on facts showing a presumption of death. It could concern itself only with this single subject. The court could not undertake to adjudicate in that proceeding any other rights or remedies, or to deal equitably with the parties.

It could adjudicate merely that the absentee was presumably dead and for this reason only dissolve the marriage. If she were in fact alive and had other rights that might be asserted, there has been no such determination of her rights, whatever may be said of the marriage, which would bar her from asserting them in a form of remedy available for the declaration of rights and legal relationships.

We have not yet satisfactorily answered all of the problems that may arise when a party to a marriage, declared to be dead, is in fact alive and is under no legal disability other than the order declaring him dead to assert his rights in a proper proceeding and forum.

The proceeding may, of course, be attacked directly for fraud (*Matter of Boylan,* 249 App. Div. 35; *Matter of Neiman* v. *Neiman,* 176 Misc. 552). But there are cases where fraud is not involved; where the petitioner believes in good faith his spouse is dead, but where the absence is explainable and innocent and arises from misapprehension and which may require upon

equitable principles the continuance of some of the obligations of the dissolved relationship.

One such instance might be an obligation of a husband to make some provision for support. There may also be matters of right beyond the authority of the court to adjudicate in the special proceeding, limited as it is to the single question of presumptive death, which are residual and unadjudicated and which, since they could not have been determined in the proceeding even if the absentee were present and before the court, are not deemed *res judicata.*

In such a classification would fall certain communal property rights; the care and custody of children, and a valid ground for divorce existing before the order of dissolution became final, against which there has been no personal estoppel.

The decided cases have touched merely on the perimeter of the problem of rights that may be asserted by a living spouse adjudicated to be dead. The whole question has not yet been answered satisfactorily and must develop case by case as it arises. Throughout the history of matrimonial litigation it has always been asserted that the State is an interested third party in every matrimonial action; and it has an equal interest, it seems to me, in the residual questions of right that remain after there has been an adjudication of dissolution on the ground of death where the party is in fact living and seeks appropriate relief.

In holding that such an order was not subject to collateral attack for fraud at the instance of an administrator, the court in *Arcuri* v. *Arcuri* (265 N. Y. 358) was careful to note (p. 361) that the party directly involved whose rights were invaded was not there attacking the order. (See, also, discussion in *Dodge* v. *Campbell* 229 App. Div. 534.)

There is another reason why a declaration of some aspects of the rights and relationships of the parties may not be deemed a " collateral " attack on the final order of dissolution. The statutory proceeding authorized by section 7-a of the Domestic Relations Law is essentially a proceeding in rem. The authority to obtain personal jurisdiction of the absentee by constructive service of notice (since the very theory of the proceeding negatives actual service of process) rests upon the ground that the domicile of the marriage and the residence of the parties give the court jurisdiction of the subject of the proceeding. (*Rigney* v. *Rigney,* 127 N. Y. 408; *Matter of Holmes,* 291 N. Y. 261, 270.)

It is one of the commonly accepted characteristics of a judgment in rem that it is conclusive and binding on " all the world "

(50 C. J. S., Judgments, § 910, p. 553), but it has another characteristic that it is not *res judicata* against a subsequent action for personal relief which was beyond the subject matter of the action and was not and could not have been adjudicated in the first action. If the proceeding to dissolve the marriage is not *res judicata* as to some of the relations which could not be adjudicated in the proceeding, I see no present bar to a judicial declaration upon them even though the marriage itself is deemed dissolved.

Complaint dismissed, without costs, and with leave to the plaintiff to plead over a cause of action for a declaratory judgment upon plaintiff's jural rights and relationship with defendant growing out of their former marriage.

Submit order.