In the Matter of the Accounting of FRED J. DRISCOLL et al., as Trustees under the Will of GEORGE F. DRISCOLL, Deceased.

Surrogate's Court, Kings County, February 25, 1949.

*Walter Jeffreys Carlin* for trustees, petitioners.

*Charles H. Ellner* for Eleanor Driscoll, as guardian of David J. Driscoll, Jr., respondent.

*David R. Logan* for Mary Driscoll, as guardian of Susan Driscoll and others, respondent.

McGAREY, S. Testator's son, life beneficiary of one of the trusts created under his will, having died, the corpus thereof is payable by the terms of the will to the son's issue. The son married twice, had one child by his first wife and five by his second. The first marriage was terminated by a Florida divorce decree in favor of the wife in an action therefor instituted by her.

The first wife, as guardian of her child, collaterally attacks the validity of the divorce decree upon the ground of lack of domicile by her. The husband appeared in the divorce action, admitted the wife's domicile in Florida and did not in anywise contest the suit.

Jurisdiction by the Florida court was assumed upon the allegations in the bill of complaint of the requisite period of residence-domicile together with the testimony in support thereof by the wife and a personal friend of hers, and a deposition by the wife's mother. All three of them testified in this proceeding and contradicted their testimony in the Florida court.

The guardian's interest in this proceeding is admittedly to obtain for her child the entire remainder of the corpus of the trust created for his father's benefit under testator's will. Presumably, the child's maternal grandmother would be interested in such result. Both of them are interested witnesses, hence this court must view their testimony accordingly. (*Matter of McCarthy*, 193 Misc. 264). Friendship, too, can also be a potent force in inducing testimony to conform to situations most favorable to the friend. The testimony of the other witness must, therefore, be judged in the light of such background.

Documentary evidence was produced by the guardian tending to establish her physical presence within this State during

some portion of the period when she was, according to her bill of complaint in the Florida court, a resident of Florida. Witnesses, other than those who testified in Florida, likewise testified to such presence in this State. Such absences from Florida by the guardian were temporary in nature and did not detract from the overall force and effect of other acts upon her part which establish that she had in fact, as well as in law, acquired a separate domicile in and became a resident of Florida for the requisite period to confer jurisdiction upon the Florida court.

Jurisdiction having been validly assumed by the Florida court, the guardian's prompt departure, upon obtaining the decree, and return to this State does not vitiate the decree. That act may give rise to a conjecture of fraud upon the Florida court in that the guardian may have entertained mental reservations with respect to her domiciliary intent; but that is a matter which concerns that court alone. There are no facts present which would, in conscience, justify this court in impeaching that decree (*Perkins* v. *Guaranty Trust Co.,* 274 N. Y. 250, 264). The appearance by both parties, the finding of jurisdiction over them and the subject matter of the action, requires this court, insofar as the parties themselves are concerned, to give full faith and credit to the decree (*Sherrer* v. *Sherrer,* 334 U. S. 343; *Coe* v. *Coe,* 334 U. S. 378).

The child was not, of course, a party to the proceeding; hence it is urged the right exists in him to attack the decree. In support of such contention the guardian cites *Urquhart* v. *Urquhart* (272 App. Div. 60, affd. 297 N. Y. 689) wherein such right was accorded. As pointed out, however, in *Bane* v. *Bane* (80 N. Y. S. 2d 641, 649) that case is an exception to the rule and is based upon the State's interest in preserving the legitimacy of a child. In this proceeding the guardian's child's legitimacy is unquestioned. Therefore, the principles of the *Urquhart* case (*supra*) are inapplicable. That case is grounded on the preservation and not destruction of legitimacy.

*Matter of Lindgren* (293 N. Y. 18) is also inapplicable. There the divorce decree was based upon an ex parte determination, jurisdiction of the defendant having been assumed upon constructive service. Judicial re-examination of jurisdictional facts is permissible in ex parte divorce proceedings (*Sherrer* v. *Sherrer, supra*). Two days after the divorce decree therein the plaintiff husband married his second wife, and it was not until more than two years later that the Florida court

amended the divorce decree *nunc pro tunc* to recite the appearance of the wife and her consent to the entry of the final decree. It then had unquestionable jurisdiction of both parties, under the principle of *Sherrer* v. *Sherrer* and *Coe* v. *Coe* (*supra*), and this court would have been compelled to accord to that decree full faith and credit. The marriage of the husband having antedated the appearance of the wife in the divorce action and the re-entry of the decree of divorce, such marriage was still subject to attack by his child of his first marriage. The marriage to his second wife was not validated by the re-entry of the decree of divorce (*Hindermann* v. *Hindermann*, 245 App. Div. 246), and as the parties did not thereafter remarry the marriage was invalid so far as the child of the first marriage was concerned.

In effect the guardian seeks to set aside the decree for fraud. Such a result, however, may only be achieved by one whose rights have been directly invaded (*Arcuri* v. *Arcuri*, 265 N. Y. 358, 361). The child's legitimacy being unquestioned, the divorce proceeding did not invade his rights on that score. It did, however, affect his moral right to the continuance of his parents' marriage during their joint lives and all of the benefits flowing from the continuance of such relationship. The Florida court has judicially decreed the dissolution of such marriage. While the remarriage of his father and the birth of five additional children to him reduced the child's share in the trust fund herein from the whole to a one-sixth interest, that same result might have followed had his parents never severed their marital relationship, and the birth of other children of the union, or had his mother died and his father remarried with issue born of his second marriage. The child, therefore, possessed no vested legal right to the whole of the trust fund to the exclusion of such other legitimate children who might be born to his father.

A further condition to the grant of relief is that " the fraud must be in some matter other than the issue in the action resulting in the judgment which is assailed " (*Arcuri* v. *Arcuri, supra*, p. 361). Some evidence was introduced by the guardian to the effect that her husband threatened to discontinue his support of her and the child unless she procured a divorce, and that solely by reason of such threats she did procure the Florida divorce. From the court's observation of the guardian and upon all of her testimony, the court is of the opinion that the guardian is a person possessed of more than normal intelligence and a mind and will over which domination

could not be so easily secured. Her testimony further established that she independently consulted counsel of her own selection in this State relative to her marital difficulties and that such attorney advised her with respect thereto and to the separation agreement which was executed by the parties, the provisions of which were incorporated in the divorce decree. Upon all the evidence, it is apparent that the guardian was not misled as to any rights which both she and the child possessed in this State against the husband, and that his threats, if any, were not the inducing cause for her institution of the divorce proceeding. No facts were adduced which establish any fraud whereby the rights of the guardian's child were impaired; nor are there other facts present which, in conscience, require this court to grant to the guardian's child the right to attack the decree (*Kinnier* v. *Kinnier*, 45 N. Y. 535; *Perkins* v. *Guaranty Trust Co.*, 274 N. Y. 250, *supra; Arcuri* v. *Arcuri*, 265 N. Y. 358, *supra*). Even if the right of collateral attack exists, the evidence adduced by the guardian is insufficient to establish the invalidity of the decree. Accordingly the objections with respect thereto are dismissed.

The remainder of the trust being payable to a class, the members thereof are to be determined as of the date of the termination of the trust, the death of the life beneficiary. As all of the six children were the surviving lawful issue of their father, testator's son and life beneficiary (*Matter of Sheffer*, 139 Misc. 519), each is entitled to share equally in the trust remainder. Accordingly objection Ninth (E) of the guardian is dismissed.

Proceed accordingly.