AGNES T. ROCHE, Plaintiff, *v.* ISABELLE H. ROCHE, Individually and as Executrix of JAMES C. ROCHE, Deceased, Defendant.

Supreme Court, Erie County, February 16, 1951.

*John F. Gunderman, Jr.,* for plaintiff.

*Donald Bain* for defendant.

CLINTON T. HORTON, Official Referee. This is an action brought by the former wife of James C. Roche, deceased, against his second wife, individually and as executrix, for a judgment declaring *inter alia* null and void for fraud a judgment of dissolution of marriage in an Enoch Arden proceeding (Domestic Relations Law, § 7-a), so-called, brought by deceased against the plaintiff in 1931. The proceeding in which the judgment was granted in Westchester County in 1931, was conducted in the usual manner and with the usual testimony. The record and

the testimony in the proceeding examined in the light of facts disclosed in this action, compel the conclusion that the judgment was granted as a result of gross fraud, not only against plaintiff but also upon the court as well. In fact, in my opinion the whole proceeding was saturated with fraud and fraudulent concealment of facts.

In view, however, of the conclusion that I have reached with respect to this action, a review of the evidence is unnecessary.

There is no question that a court of equity has jurisdiction to set aside a judgment obtained by fraud.

A court of equity " has inherent jurisdiction to relieve from fraudulent or void judgments particularly where the invalidating facts are not apparent from the record. Such equitable intervention is very often a party's only means of escape from the invalid decision; without it he would be left remediless ". (1 Freeman on Judgments [5th ed.], § 308, p. 613.)

The power of the court being so recognized, it remains only to determine the method by which it may exercise its power.

Some litigants have sought relief in separate actions similar to the one before me, but under the decisions of the appellate courts in this State, it has been established for approximately twenty years, at least, that such a judgment may not be collaterally attacked except for lack of jurisdiction. See *Matter of Boylan* (249 App. Div. 35, 37 [1936]). This was a motion by Boylan, the husband, in the original Enoch Arden proceeding, to vacate a judgment of dissolution because of the fraudulent testimony of his wife, Veronica. This was denied because of laches, as the judgment was entered in April, 1928, the husband learning about it in the summer of the same year, the court saying upon this point: " Appellant argues that he was not guilty of laches because he says that it was not until the decision of the Court of Appeals in the case of *Arcuri* v. *Arcuri* (265 N. Y. 358), decided November 20, 1934, that the law was finally settled that such a judgment of dissolution may not be attacked collaterally. This court, however, in *Dodge* v. *Campbell* (229 App. Div. 534), pointed out that such a judgment may not be collaterally attacked except for lack of jurisdiction, which determination was affirmed by the Court of Appeals without opinion on February 10, 1931 (255 N. Y. 622)."

See, also, *Matter of Neiman* v. *Neiman* (176 Misc. 552 [1941]). This was an application in which a direct attack was made upon the decree upon the ground that the wife was guilty of fraud.

In its opinion, the court said: '' While the decree may not be challenged collaterally (*Arcuri* v. *Arcuri*, 265 N. Y. 358), it would seem that it may be attacked in the same proceeding.''

The case last quoted suggests the practice that should have been followed here.

Such being the law in this State, I must, of necessity, grant judgment for dismissal of the complaint in this action, but without costs in view of the circumstances.

Judgment may be entered accordingly.