■ MARC STONE, Respondent, v. MARTHA STONE, Appellant.— In an action by plaintiff against his former wife for a judgment (1) declaring that the separation agreement between the parties dated January 15, 1957 is void and unenforcible, (2) declaring that the divorce decree issued by the Second Civil Court of the Bravos District, State of Chihuahua, Republic of Mexico, on January 24, 1957 is void on the ground that it had been procured by defendant's fraud on the court and on plaintiff and (3) enjoining defendant from taking any action to enforce collection of the moneys due and to become due under the separation agreement, defendant appeals from so much of an order of the Supreme Court, Nassau County, entered December 13, 1966, as denied

her motion for summary judgment, pursuant to CPLR 3212 (subd. [d]), and for alimony and counsel fees. Order modified insofar as appealed from, by striking out the provision denying counsel fees and by substituting therefor a provision granting defendant a counsel fee of $1,000, to be paid within 20 days after entry of the order hereon, with leave to apply to the trial court for an additional counsel fee. As so modified, order affirmed, without costs. Defendant, hereinafter called the wife, married one Harry E. Wheeler, Jr., in 1938. After they were separated, the wife met plaintiff, hereinafter called the husband, and informed him of her marriage with Wheeler. Allegedly, the husband retained his brother-in-law, a New York attorney, to obtain a divorce for the wife from Wheeler. The record does not indicate whether in fact a divorce, valid or invalid, was obtained by the wife from Wheeler at that time. The husband and wife were married in 1942 and a child of the marriage was born in 1946. Thereafter the parties separated and she instituted a separation action. As an affirmative defense, the husband alleged that the parties had not legally married because, at that time, she was still legally married to Wheeler. The action was compromised and settled on the eve of trial, by the execution of a separation agreement dated January 15, 1957. The agreement contained provisions for support, custody of the child and visitation rights. It provided that the agreement would survive any divorce decree, remain in full force and effect and that the provisions thereof would be incorporated in any divorce decree. On January 23, 1957, one Mrs. Martha Wheeler obtained a divorce decree from Harry E. Wheeler, Jr., in the *First* Civil Court of the Bravos District, State of Chihuahua, Republic of Mexico. Mrs. Wheeler appeared in person and by attorney and Mr. Wheeler appeared by attorney. The decree recited that the parties had been married on October 4, 1938. On January 24, 1957, the day after the granting of that decree, the wife (Mrs. Martha Stone) obtained a divorce decree from the husband in the *Second* Civil Court of the Bravos District, State of Chihuahua, Republic of Mexico. The wife appeared in person and by attorney and the husband appeared by attorney. The decree provided that the separation agreement theretofore executed was " ratified, confirmed and approved in its entirety, and the parties are hereby directed to comply with its terms." Apparently, it is undisputed that Mrs. Wheeler, who obtained the divorce decree from Mr. Wheeler on January 23, 1957, is the same person as the wife who obtained the divorce decree from another Mexican Court on January 24, 1957. The husband contends that a fraud was committed on him and the Mexican court on January 24, 1957 because neither he nor the court was apprised of " Mrs. Wheeler's " divorce action and decree. After the divorce was obtained against the husband, he married another woman and apparently he is still married to her. In a habeas corpus proceeding for custody of the child, the Supreme Court, New York County, in 1959, awarded custody of the child to the husband, as the child's lawful father. In or about 1963, the husband ceased making payments as required by the separation agreement and the wife instituted an action on the agreement, which resulted in a default money judgment in her favor. Thereafter the instant action was instituted. The record contains no affidavit by a Mexican attorney as to the pertinent Mexican law; nor does it contain any pertinent references to Mexican decisional or statutory law. The husband's brief does refer to *Schoenbrod* v. *Siegler* (20 N Y 2d 403). In our opinion, the record does not require this court to come to a conclusion as to whether the Mexican law permits a collateral attack on the bilateral Mexican divorce decree issued on January 24, 1957 (CPLR 4511; cf. *Schoenbrod* v. *Siegler, supra*; *Magowan* v. *Magowan*, 19 N Y 2d 296) and whether the fraud allegedly committed was such fraud as would justify a successful collateral attack on that decree (cf. *Zeitlan* v. *Zeitlan,*

27 A D 2d 846; *David* v. *Fayman*, 273 App. Div. 408, affd. 298 N. Y. 669; *Arcuri* v. *Arcuri*, 265 N. Y. 358; *Oldham* v. *McRoberts*, 21 A D 2d 231, affd. 15 N Y 2d 891). We do not decide whether the facts are such that the husband is estopped from attacking the validity of the divorce decree issued to the wife (cf. *Laye* v. *Shepard*, 48 Misc 2d 478, affd. 25 A D 2d 498; *Carbulon* v. *Carbulon*, 293 N. Y. 375). In our opinion, the issues herein should be explored on a trial. Despite the prayer for relief in the amended complaint, the husband is not merely seeking a judgment declaring that the said Mexican divorce and the separation agreement are void. In reality, he is also seeking a judgment declaring that his marriage to the wife is void (cf. CPLR 3017; *Erbe* v. *Lincoln Rochester Trust Co.*, 3 N Y 2d 321). Under the circumstances herein, we think that it is proper to award a counsel fee to the wife (Domestic Relations Law, § 237; cf. *Fabrikant* v. *Fabrikant*, 19 N Y 2d 154; Domestic Relations Law, § 238). Brennan, Acting P. J., Rabin, Benjamin, Munder and Martuscello, JJ., concur.